# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MARY F. BIANCHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.05 C 5769 |
| | ) | |
| THE BUREAUS, INC., an Illinois | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this rather small case, a discovery dispute has led to a great deal of legal effort, with fees now dwarfing the amount of possible recovery. Very briefly, plaintiff wants to access defendant's computer database as it pertains to her account, because she believes that the information relating to her, particularly whether or not defendant was notified of her bankruptcy, has been altered.

The reasons for that belief are not particularly strong, but she has some basis: her account indicates that a bankruptcy scrub was requested or done, but the parties agree that is not so. Further, the bankruptcy court records assert that notification was sent, but defendant claims it was not received. If verification of the account were a simple matter, we would compel it without question. But it is not simple. The process requires the imaging of defendant's entire hard drive, including millions of unrelated entries. If all that required considerable effort and expense to defendant, or a significant intrusion into unrelated private information, we would not compel it.

But here the plaintiff proposes as follows:

1. The process would be undertaken by a disinterested third party forensics expert, Impact Forensics.

2. Plaintiff would pay all the expenses.

3. The expert would image the hard drive at a convenient time – a matter of a couple hours, such as an evening or a weekend.

4. The expert would access the database under a protocol agreed to by the parties, solely to verify plaintiff's account.

5. All parties, including the expert, would be bound by a strict confidentiality agreement which denied access except with respect to plaintiff's account, which provided for the destruction of the database except with respect to her account, which provided for the destruction of her data when the litigation terminated and which confined distribution to the parties and their attorneys.

We fail to see how that arrangement causes any undue burden or expense to defendant. But does it result in an inappropriate intrusion into data of others that defendant has an obligation to remain confidential? Defendant claims that it does, and refers generally to a host of contractual and statutory obligations. But we have to assume that those obligations pertain to access to information. And if the expert can access the database solely to seek information relating to plaintiff's account, pursuant to an agreed protocol, we do not understand how the privacy rights of others are implicated. The motion is granted as indicated herein.

                                                    JAMES B. MORAN
                                                    Senior Judge, U. S. District Court

_____Nov. 1_____, 2006.